# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MONTEREY MUSHROOMS, INC., | Case No.: 2:10-cv-0970-RLH-LRL |
| Plaintiff, | **O R D E R** |
| vs. | (Ex Parte Motion for a Temporary Restraining Order–#7) |
| OASIS CORP. dba ONE OF A KIND PRODUCE, MICHELLE R. IOVINO and OASIS TRUCKING, LLC, | |
| Defendants. | |

     Before the Court is Plaintiff Monterey Mushrooms, Inc.'s **Ex Parte Motion for a Temporary Restraining Order** (#7), filed February 18, 2010.

### BACKGROUND

     Plaintiff Monterey Mushrooms is a wholesale distributer of produce in the United States. Defendant Oasis Corporation dba One of a Kind Produce is a Nevada corporation that purchases and sells produce. Defendant Michelle Iovino, a Nevada resident, is allegedly the sole officer of One of a Kind Produce. Defendant Oasis Trucking, LLC is a Nevada company that apparently does business and is closely affiliated with One of a Kind Produce.

     From April to June 2010, Monterey delivered several shipments of produce to One of a Kind. According to Monterey, the value of the produce totaled $39,357.05, and was to be paid for by One of a Kind in regular installments. Monterey alleges that at the time it made these

shipments, One of a Kind had been "a historically slow paying customer," but had nonetheless "sent consistent payments." (Dkt. #7, Mot. Affidavit of Rebecca Gress, ¶ 11.) Monterey now alleges that One of a Kind has made no effort to pay for the produce it received from April to June 2010. Monterey also claims that when it contacted One of a Kind about its delinquent balance, One of a Kind's attorney informed it that One of a Kind (1) would soon be going out of business; (2) is contemplating bankruptcy; (3) does not have enough money to pay all of its debts; and (4) owes $850,000 to its suppliers, but has assets valued at only $350,000.

On June 22, Monterey filed suit in this Court against Defendants and alleged claims for declaratory relief and damages under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499 ("PACA"), as well as claims for breach of contract, breach of fiduciary duty, conversion, and constructive trust. Also on June 22, Monterey filed two motions: an ex parte motion for a temporary restraining order and a motion for preliminary injunction. For the reasons discussed below, the Court grants Monterey's motion for a temporary restraining order and sets a briefing schedule on its motion for preliminary injunction.

**DISCUSSION**

**I.     Jurisdiction**

The Court has subject matter jurisdiction over Monterey's claims pursuant to 28 U.S.C. §§ 1331 and 1337. Monterey seeks relief under PACA, a federal statute that specifically grants district courts jurisdiction to adjudicate claims "to enforce payments" from the PACA trust fund and to "prevent and restrain dissipation" of the trust fund. 7 U.S.C. § 499(e)(c)(5).

**II.    Analysis**

Monterey seeks an order enjoining Defendants from "using, consuming, or otherwise dissipating trust assets under . . . PACA . . . or making payment of any PACA trust asset to any creditor, person, or entity until further order of this Court or upon agreement of the Plaintiff." (Dkt. #7, Mot. 2.) In order to obtain a temporary restraining order or a preliminary injunction, a plaintiff must show: (1) it will suffer irreparable harm if injunctive relief is not

granted; (2) it is likely to succeed on the merits; (3) the balance of equities tips in its favor; and (4) granting the injunction is in the public interest. *Sierra Forrest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009).

The Court finds Monterey is entitled to a temporary restraining order under this criteria. First, Plaintiffs will likely suffer irreparable harm if One of a Kind transfers funds from the trust assets without rendering payment to Monterey. If the trust assets are exhausted, it is very possible Monterey will never recover the money One of a Kind owes. Second, Monterey is likely to succeed on the merits of this case. Monterey has supplied invoices and affidavit testimony indicating that it delivered perishable items to One of a Kind and that One of a Kind has not paid for these goods. Third, the balance of equities tips in favor of granting Monterey's motion for a temporary restraining order. Monterey stands to lose almost $40,000 if the restraining order is not put into place, while the restraining order would damage One of a Kind to a much lesser extent. In its letter to Monterey, One of a Kind admitted it owes a number of creditors and that it cannot pay them from the PACA funds or its own assets in any event. Freezing the trust funds for fourteen days will also not unduly burden One of a Kind because One of Kind has stated that it is closing its doors and considering filing for bankruptcy. Finally, granting the temporary restraining order is in the public interest. PACA was created in order to protect produce suppliers and to create a regulatory scheme in which the buying and selling of produce could readily and properly occur. The Court believes upholding this regulatory scheme benefits consumers who purchase produce at reasonable prices, largely because PACA prevents buyers from short-changing their suppliers. For each of these reasons, the Court concludes Monterey is entitled to a temporary restraining order preventing One of a Kind from dissipating assets placed in the trust funds pursuant to PACA.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Monterey's Ex Parte Motion for a Temporary Restraining Order (#7) is GRANTED. The Court hereby enjoins One of a Kind Produce from

1  dissipating any and all assets from the PACA trust fund for the duration of this restraining order.
2  This restraining order is effective up to the time of the hearing on Monterey's Motion for
3  Preliminary Injunction.
4         IT IS FURTHER ORDERED that a hearing on Monterey's Motion for Preliminary
5  Injunction is set for Wednesday, July 14, 2010 at 4pm in Courtroom 6C of the Lloyd D. George
6  Courthouse, 333 Las Vegas Blvd South, Las Vegas, NV, 89101.
7         IT IS FURTHER ORDERED that Monterey immediately serve One of a Kind
8  Produce by email and pursuant to Rule 4 of the Federal Rules with a copy of the Complaint, Ex
9  Parte Motion for a Temporary Restraining Order, and Motion for Preliminary Injunction, and this
10 Court's Order Granting the Ex Parte Motion for a Temporary Restraining Order.
11        IT IS FURTHER ORDERED that One of a Kind Produce file any opposition to
12 Monterey's Motion for Preliminary Injunction no later than July 7, 2010.  If Monterey chooses to
13 file a reply, it must do so no later than July 12, 2010.
14        Dated: June 28, 2010.

                                                             _____
                                                             **ROGER L. HUNT**
                                                             **Chief United States District Judge**