☑ FILED        ___ RECEIVED
___ ENTERED    ___ SERVED ON
               COUNSEL/PARTIES OF RECORD

JUL 14 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

LAW OFFICES OF MICHAEL A. HAGEMEYER
Michael A. Hagemeyer
Nevada Bar No. 5344
6094 S. Sandhill Road
Suite 100
Las Vegas, Nevada 89120
Telephone: (702) 891-0022
Facsimile:  (702) 891-0033
mhagemeyer@aol.com

OF COUNSEL:
MEUERS LAW FIRM, P.L.
Katy Koestner Esquivel
5395 Park Central Court
Naples, FL 34109-5932
Telephone: (239)513-9191
Facsimile: (239)513-9677
kesquivel@meuerslawfirm.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
LAS VEGAS DIVISION

| | |
|---|---|
| MONTEREY MUSHROOMS, INC., | Case No.: 2:10-cv-00970 |
| Plaintiff, | PRELIMINARY INJUNCTION ORDER |
| vs. | |
| OASIS CORP. dba ONE OF A KIND PRODUCE, MICHELLE R. IOVINO, and OASIS TRUCKING, | |
| Defendants. | |

Plaintiff's Motion for Preliminary Injunction under the Federal Rules of Civil Procedure 65(a), came before this Court on July 14 2010 at 4:00 p.m., after proper notice was issued. Counsel for the Plaintiff appeared in person. Defendants failed to appear, despite having been properly served with notice of this hearing/Counsel for Defendants appeared in person.

On June 21, 2010, Plaintiff commenced the above entitled action against Defendants Oasis Corp. dba One of A Kind Produce ("One of A Kind Produce") Michelle R. Iovino and Oasis Trucking, (collectively referred to as the "Defendants"), seeking to enforce payment from the statutory trust imposed by the Perishable Agricultural Commodities Act, 1930, as amended, 7 U.S.C. §499e(c)(2) ("PACA"). As part of its action, the Plaintiff sought injunctive relief against the Defendants to enjoin and restrain them from violating the provisions of PACA and from dissipating assets subject to the PACA Trust.

On June 29, 2010, on behalf of Plaintiff, the undersigned United States District Court Judge issued a Temporary Restraining Order enjoining Defendant One of A Kind Produce, its agents, officers, subsidiaries, assigns, and banking institutions from alienating, dissipating, paying, or assigning any PACA trust assets, without agreement of the parties or until further order of this Court, or until said Defendant pays Plaintiff the sum of $39,357.05 by cashiers' check or certified check.

This Court scheduled a hearing for entry of a Preliminary Injunction, and ordered the Plaintiff to serve a copy of the TRO on the Defendants.

Plaintiff has served copies of the TRO on all Defendants.

On July 14, 2010, the hearing on Plaintiff's Motion for Preliminary Injunction came before this Court.

Based upon Plaintiff's pleadings, the testimony and Affidavit of Rebecca Gress, and the supporting documents, the Court finds that Defendant One of A Kind Produce purchased $39,357.05 in perishable agricultural commodities in interstate commerce from Plaintiff, that Plaintiff provided Defendant One of A Kind Produce proper notice of intent to preserve trust benefits and that Defendant One of A Kind Produce failed to pay Plaintiff for the perishable agricultural commodities in violation of PACA, 7 U.S.C. §499e(c).

The Court further finds that Defendants have in fact dissipated the PACA trust by failing to maintain sufficient "freely available" assets to satisfy Plaintiff's PACA trust claims.

Plaintiff has established that there is sufficient evidence of dissipation of assets subject to the PACA trust to warrant the relief granted in this order and the Court concludes that a Preliminary Injunction should be issued.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. One of A Kind Produce and its agents, officers, subsidiaries, assigns, financial and banking institutions, and all persons in active concert or participation with them or who receive actual notice of this Order are enjoined and restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provisions of the PACA without agreement of the parties or until further order of this Court. Under §499e(c)(2) of PACA, the assets subject to this order include all of the assets of Defendant One of A Kind Produce, including but not limited to, any and all bank accounts at any and all financial institutions, including but not limited to those accounts at  unless the Defendants can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or proceeds from the sale of such commodities or products.

2. Plaintiff shall not be required to give security in view of the fact that Defendant One of A Kind Produce now holds $39,357.05 of PACA trust assets that belong to Plaintiff and that this Order merely requires said Defendant to obey the requirements of PACA.

3. Within 48 hours of the entry of this Order, Defendant One of A Kind Produce shall assign all of its accounts receivable to Plaintiff and deposit and/or deliver

complete accounts, records and information of all of its accounts receivable to Plaintiff's counsel subject to those accounts receivable being collected by Plaintiff's counsel.

4.  Defendant One of A Kind Produce shall endorse any checks made, endorsed or paid to it which are trust assets and which are in its possession or obtainable by it at the time of the entry of this Order, or which it obtains or which become obtainable by it after entry of this Order, and deliver them, within 48 hours of receipt, to Plaintiff's counsel to be held in trust pending further determination by this Court as to the distribution of those funds.

5.  Defendants One of A Kind Produce, Michelle R. Iovino and Oasis Trucking, shall use their best efforts to cooperate with Plaintiff in any action which Plaintiff or its counsel may be required to take in collecting the accounts receivable or other trust assets, including any action at law or equity.

6.  Immediately after the entry of this Order, Michelle R. Iovino and Oasis Trucking, shall grant Plaintiff and its counsel, agents or employees, full, complete and continuing access to all of the books and records of Defendant One of A Kind Produce, which shall include but not be limited to tax returns, accounts, invoices, ledgers, computer runs, bank statements and canceled checks relating to One of A Kind Produce for the purpose of verifying the accounting as ordered by this Court.

7.  This Order shall be binding upon Defendant One of A Kind Produce, and its officers (including Michelle R. Iovino and Oasis Trucking), agents, servants, employees, banking and financial institutions, attorneys, and/or all other persons acting in concert or participating with it who receive actual notice of this Order.

8.  This Order shall continue in full force and effect, except upon further Order of this Court.

9.  This Court shall retain jurisdiction of this action to ensure complete compliance with the terms of this Order.

1
2      DONE and ORDERED, this _____ day of July, 2010 at Las Vegas, Nevada.
3
4                                                   _____
5                                                   United States District Judge
                                                  District of Nevada
6
7
8
9 Submitted by:
  Law Offices of Michael A. Hagemeyer
10
11   _____
12   Michael A. Hagemeyer, Esq.
  6094 South Sandhill Road, Suite 100
13   Las Vegas, NV 89120
  Attorney for Plaintiff
14
15
16
17
18
19
20
21
22
23
24
25
26