Michael R. Brooks, Esq.
Nevada Bar No. 7287
Macaire K. Moran, Esq.
Nevada Bar No. 10688
BROOKS BAUER LLP
300 S. 4th Street, Suite 815
Las Vegas, NV 89101
Ph (702) 851-1191
Fax (702) 851-1198
mbrooks@brooksbauer.com
mmoran@brooksbauer.com
*Attorneys for Intervening Plaintiffs*

Elise O'Brien, Esq.
California Bar No. 245967
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Ph (949) 752-2911
Fax (949) 752-0953
elise@rjlaw.com
*Attorneys for Intervening Plaintiffs*
Attorney has complied with LR IA 10-2

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

MONTEREY MUSHROOMS, INC.,

Plaintiff,

vs.

OASIS CORP. dba ONE OF A KIND PRODUCE, MICHELLE R. IOVINO, and OASIS TRUCKING,

Defendants.

PERSAUD PRODUCE, INC. dba HARVEY'S PRODUCE; GILLS ONIONS, LLC; RIVER RANCH FRESH FOODS, LLC; FRESH CHOICE MARKETING, INC.,

Intervenor Plaintiffs,

v.

OASIS CORP. dba ONE OF A KIND PRODUCE, MICHELLE R. IOVINO, and

Case No.: 2:10-CV-00970-RLH-(LRL)

**MOTION FOR LEAVE TO INTERVENE AS PLAINTIFFS; EXHIBIT IN SUPPORT THEREOF**

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

OASIS TRUCKING,

Defendants.

Pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, PERSAUD PRODUCE, INC. dba HARVEY'S PRODUCE ("Harvey's"), GILLS ONIONS, LLC ("Gills"), RIVER RANCH FRESH FOODS, LLC ("River Ranch") and FRESH CHOICE MARKETING, INC. ("Fresh Choice") (collectively referred to as "Movants" or "Intervening Plaintiffs"), by their undersigned counsel, hereby move to intervene in this action. The grounds for this Motion are more fully set forth in the Memorandum of Points and Authorities in Support of Motion for Leave to Intervene as Party Plaintiffs attached hereto and incorporated herein by reference as if fully rewritten.

On or about June 22, 2010, Plaintiff Monterey Mushrooms, Inc. ("Plaintiff"), filed its complaint in the U.S. District Court for the District of Nevada, Case No. 2:10-cv-00970-RLH-LRL, asserting rights under PACA against Defendants OASIS CORP. dba ONE OF A KIND PRODUCE, MICHELLE R. IOVINO and OASIS TRUCKING (collectively referred to as "Defendants").

Intervening-Plaintiffs wish to intervene in this action in order to enforce their PACA trust rights against the Defendants and to assert PACA trust claims against the assets that are the subject of this action and the Preliminary Injunction. A copy of the proposed Complaint in Intervention for the Intervening-Plaintiffs is attached hereto and incorporated by this reference as Exhibit 1.

///

///

///

///

///

///

Counsel for Intervening-Plaintiffs has conferred with counsel for Plaintiff, and counsel for Plaintiff has no objection to allow Intervening-Plaintiffs to enter the case.

Respectfully submitted,

BROOKS BAUER LLP

DATED: November 17, 2010

By: [signature]

Michael R. Brooks, Esq.
Nevada Bar No. 7287
Macaire K. Moran, Esq.
BROOKS BAUER LLP
Nevada Bar No. 10688
300 S. 4th Street, Suite 815
Las Vegas, NV 89101

and

Elise O'Brien, Esq.
RYNN & JANOWSKY, LLP
California Bar No. 245967
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660
Attorney has complied with LR IA 10-2

Attorneys For Intervening Plaintiffs

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION AND FACTS**

The original Plaintiff in this litigation is an unpaid supplier of perishable agricultural commodities ("produce") seeking to enforce an express statutory trust against Defendants OASIS CORP. dba ONE OF A KIND PRODUCE ("Oasis Corp."), MICHELLE R. IOVINO ("Iovino") and OASIS TRUCKING ("Oasis Trucking") (collectively referred to as "Defendants"). The trust in question is imposed upon the assets of Defendants, pursuant to §499e(c)(2) of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §499a-499t, as amended (1986 & Supp. 1998) (the "PACA").

PERSAUD PRODUCE, INC. dba HARVEY'S PRODUCE ("Harvey's"), GILLS ONIONS, LLC ("Gills"), RIVER RANCH FRESH FOODS, LLC ("River Ranch") and FRESH CHOICE MARKETING, INC. ("Fresh Choice") (collectively referred to as "Movants" or "Intervening Plaintiffs") are similarly situated unpaid suppliers and sellers of produce and, as a result, have identical rights against the Defendants for the unpaid amount of their own transactions with the Defendants.

Accordingly, the Movants have an interest in the same body of property sought to be recovered by the original Plaintiff, being the PACA trust assets or trust *res* which is the subject matter of the litigation. As the PACA creates a single pool of assets from which all prospective PACA trust beneficiaries are to receive payment, intervention is necessary to protect the Movants' interests in and to their share of the PACA trust *res*.

Movants are perfected trust beneficiaries of Defendants. Defendants owe Movants the principal sums below plus interest or finance charges, attorney's fees and costs for the purchases, on credit, of perishable agricultural commodities, as follows:

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

| **Movant** | **Transaction Dates** | **Principal Amount Due** |
|---|---|---|
| Harvey's Produce | 9/30/08 through 4/30/10 | $500,949.38 |
| Gills | 3/4/10 through 4/25/10 | $18,855.60 |
| River Ranch | 7/29/09 through 9/24/09 | $48,989.60 |
| Fresh Choice | 5/11/10 through 6/17/10 | $17,370.75 |
| | **Total:** | **$586,165.33** |

Movants seek to enforce their rights under PACA, wherein Defendants acted as statutory trustees of the PACA trust. Defendants breached their fiduciary duties thereunder by failing to maintain the PACA trust and by failing to pay promptly in violation of the PACA.

## II.

## AUTHORITY

### A. Movants Are Entitled To Intervene Pursuant To Fed. R. Civ. P. 24(a)(2) as a Matter Of Right

Rule 24(a) of the Federal Rules of Civil Procedure provides:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Intervention as of right under Rule 24(a)(2) has four requirements: (1) the application must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that disposition of the action may impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by existing parties. Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 817-818 (9th Cir. 2001). Coalition of Arizona/New Mexico Counties v. Dep't. of Interior, 100 F.3d 837, 840 (10th Cir. 1996) (quoting Fed. R. Civ. P. 24(a)(2)). Texas v. U.S. Dept. of Energy, 754 F.2d 550 (5th Cir. 1985). See also, Newport News

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

Shipbuilding and Drydock Co. v. Peninsula Shipbuilder's Association, 646 F.2d 117 (4th Cir. 1981). As with all of the Federal Rules of Civil Procedure, Rule 24 is to be liberally construed. Washington State Bldg. & Const. Trades Council v. Spellman, 684 F.2d 627, 630 (9th Cir. 1982). Movants meet all four of the above requirements for intervention as of right.

1. ***Movants' Motion Is Timely***

The timeliness of a motion to intervene is assessed "in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant and the existence of any unusual circumstances. Sanguine, Ltd. v. United States Dep't. of Interior, 736 F.2d 1416, 1418 (10th Cir. 1984.)

A motion for intervention, either as a matter of right or permissive, must be timely, but timeliness is not a word of exactitude or of precisely measurable dimensions, and is, rather, a measure to be determined from all circumstances within the sound discretion of the trial court. Jones v. Caddo Parish School Bd., 704 F.2d 206 (5th Cir. 1983). Circumstances relevant to the determination as to timeliness include: the purpose for which intervention is sought, the necessity for intervention as a means of preserving the Movants' rights, and the improbability of prejudice to those parties already in the case. Hodgson v. United Mine Workers of America, 473 F.2d 118 (D.C. Cir. 1972). In the instant case, Movants are acting in a timely and expedited fashion as the original Plaintiff's action was filed on June 22, 2010, the Preliminary Injunction was obtained on July 14, 2010, and the Plaintiff is currently seeking leave of court to amend its complaint to add two additional Plaintiffs.

2. ***Movants Have An Interest In The Property Which Is The Subject Of The Action.***

Movants also meet the second requirement for intervention as a matter of right in that they have an interest relating to the property which is the subject of the action. A sufficient interest has been held to exist when there is a readily identifiable fund in which applicants maintain a right to participate. Hardy-Latham v. Wellons, 415 F.2d 674 (4th Cir. 1968). It has also been held that intervention by a party, whose only interest in the litigation is a lien on proceeds, is proper at any time before final judgment. Lalic v. Chicago, B.&.Q.R. Co., 263 F. Supp. 987 (D.C. Ill.

1967). Movants assert an interest in the funds constituting the *res* of the PACA trust. As qualified trust beneficiaries by virtue of compliance with the PACA notice requirements, Movants have the right to participate in the distribution of the *res*.

**3. *Without Intervention, Movants' Ability To Protect Their Interests May Be Impaired.***

Movants meet the third requirement for intervention as a matter of right because disposition of the action *sub judice* without their intervention will may impair or impede the ability to protect their interests. Movants' inability to intervene at this time will directly hinder their ability to collect the amounts owed on their PACA trust claims. For this reason, intervention is proper. Hardy-Latham v. Wellons, *supra*. It is the practical effect of the disposition that determines whether an applicant's interest would be impaired. United States v. City of Los Angeles, 288 F.3d 391, 399 (9th Cir. 2002). Movants are entitled to participate in at least an equitable pro rata distribution with the current Plaintiff as opposed to being forced to sit away from the banquet table and wait for crumbs once Plaintiff has satisfied itself. The only way to ensure that Movants' PACA claims will be considered, along with those of the current Plaintiff, is to permit intervention.

**4. *Movants Will Not Be Adequately Represented By The Existing Parties.***

Finally, Movants will not be adequately represented by existing parties. As set forth above, where the trust *res* may be insufficient to satisfy the claims of all qualified beneficiaries, PACA trust beneficiaries are entitled to an immediate pro rata distribution of the trust fund. See, In re Milton Poulos, Inc., 107 B.R. 715 (9th Cir. B.A.P. 1989); J.R. Brooks & Sons, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bankr. N.D. Fla. 1989); In re United Fruit and Produce, 86 B.R. 14 (Bankr. D. Conn. 1988). For this reason, the existing Plaintiff and Movants have adverse interests. Assuming, and there is a significant possibility that this is the case, that the trust *res* will not satisfy all the PACA creditors, the existing Plaintiff will ensure itself a greater pro rata distribution should no other PACA creditors enter this action. Therefore, Movants' interests are not being adequately represented at this time and will continue to be inadequately represented, and thereby prejudiced, if not permitted to intervene.

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

Because all the requirements set forth in Texas v. U.S. Dept. of Energy, *supra*, have been met, the instant Motion for Leave to Intervene as of right pursuant to Rule 24(a) is appropriate and should be granted.

**B. Alternatively, Movants Should Be Permitted To Intervene Pursuant To Fed. R. Civ. P. 24(b)**

Rule 24(b) of the Federal Rules of Civil Procedure provides:

> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Alternatively, Movants request permission to intervene pursuant to Rule 24(b)(2), because their claims and the main action have questions of law and fact in common. It has been held that anyone may be permitted to intervene if common questions of law or fact exist, unless the Court, in its discretion, determines that the intervention would unduly delay or prejudice adjudication of the rights of the original parties. See, Pierson v. United States, 71 F.R.D. 75 (D.C. Del. 1976). The common question of law as to the claims of all PACA creditors involves entitlement to payment as a qualified trust beneficiary. There will also be common questions of fact that can be determined in a single proceeding. For instance, the existing Plaintiff and Movants have an interest, as is the case here, in tracing trust assets which have wrongfully left Defendants (e.g. payments to insiders or to secured creditors) or have taken on another form (e.g. new equipment). Thus, the desire for judicial economy is furthered by intervention.

Under existing law, the PACA trust *res* "exists for the benefit of all unpaid produce sellers." Frio Ice S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990). Accordingly, the

disposition of the present action will necessarily impede the Movants' ability to protect their interests in the PACA trust *res* if it is not allowed to intervene.

The Plaintiff will not be unduly prejudiced by this intervention. Their rights to pro rata distributions will be adjudicated in due course. It is instead Movants who will suffer if not allowed to intervene in this case.

In the case *sub judice*, to date, there have been no determinations made as to the scope of the trust or the validity of any PACA claims. No dispositive motion deadline has been set, nor have the final pre-trial or trial dates been set. Movants further assert that their intervention will not cause undue delay in the final distribution of the trust *res*, but, in fact, will expedite finality as to all claims.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

## III.

## CONCLUSION

Based upon the foregoing discussion, Movants meet all the requirements for intervention as of right pursuant to Fed. R. Civ. P. 24(a). Alternatively, Movants should be permitted to intervene under the provisions of Fed. R. Civ. P. 24(b), because there exists common questions of law and fact and no undue delay or prejudice to the original parties would result by virtue of such intervention.

WHEREFORE, Movants respectfully request that this Court grant the instant Motion for Leave to Intervene as Party Plaintiffs and grant them leave to file the attached Complaint in Intervention.

Respectfully submitted,

BROOKS BAUER LLP

DATED: November 17, 2010

By: /s/ Macaire K. Moran

Macaire K. Moran, Esq.
Nevada Bar No. 10688
300 S. 4th Street, Suite 815
Las Vegas, NV 89101

and

Elise O'Brien, Esq.
RYNN & JANOWSKY, LLP
California Bar No. 245967
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660

Attorneys For Intervening Plaintiffs

**IT IS SO ORDERED.**

/s/ Roger L. Hunt

**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: January 18, 2011**

# EXHIBIT 1

EXHIBIT 1

Michael R. Brooks, Esq.
Nevada Bar No. 7287
Macaire K. Moran, Esq.
Nevada Bar No. 10688
BROOKS BAUER LLP
300 S. 4th Street, Suite 815
Las Vegas, NV 89101
Ph (702) 851-1191
Fax (702) 851-1198
mbrooks@brooksbauer.com
mmoran@brooksbauer.com
*Attorneys for Intervening Plaintiffs*

Elise O'Brien, Esq.
California Bar No. 245967
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Ph (949) 752-2911
Fax (949) 752-0953
elise@rjlaw.com
*Attorneys for Intervening Plaintiffs*

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

MONTEREY MUSHROOMS, INC.,

Plaintiff,

vs.

OASIS CORP. dba ONE OF A KIND PRODUCE, MICHELLE R. IOVINO, and OASIS TRUCKING,

Defendants.

PERSAUD PRODUCE, INC. dba HARVEY'S PRODUCE; GILLS ONIONS, LLC; RIVER RANCH FRESH FOODS, LLC; FRESH CHOICE MARKETING, INC.,

Intervenor Plaintiffs,

v.

OASIS CORP. dba ONE OF A KIND PRODUCE, MICHELLE R. IOVINO, and OASIS TRUCKING,

Case No.: 2:10-CV-00970-RLH-(LRL)

**COMPLAINT IN INTERVENTION FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") [7 U.S.C. §499e, et seq.]**

Defendants.

Intervening-Plaintiffs, PERSAUD PRODUCE, INC. dba HARVEY'S PRODUCE ("Harvey's"), GILLS ONIONS, LLC ("Gills"), RIVER RANCH FRESH FOODS, LLC ("River Ranch") and FRESH CHOICE MARKETING, INC. ("Fresh Choice") (collectively referred to as "Intervening-Plaintiffs"), hereby complain and allege as follows:

**I.**

**JURISDICTION AND VENUE**

1. This court has jurisdiction over this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499e(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over Intervening-Plaintiffs' other claims pursuant to 28 U.S.C. 1367(a).

2. Venue is proper pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Intervening-Plaintiffs' claims occurred in this district, and a substantial part of the property that is the subject of this action is situated in this district.

**II.**

**PARTIES**

3. Intervening-Plaintiff Harvey's is now and at all times material herein was a corporation organized and doing business under the laws of the State of California, with its principal place of business in the City of Los Angeles, State of California.

4. Intervening-Plaintiff Gills is now and at all times material herein was a limited liability company organized and doing business under the laws of the State of California, with its principal place of business in the City of Oxnard, State of California.

5. Intervening-Plaintiff River Ranch is now and at all times material herein was a limited liability company organized and doing business under the laws of the State of Delaware, with its principal place of business in the City of Salinas, State of California.

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

6. Intervening-Plaintiff Fresh Choice is now and at all times material herein was a corporation organized and doing business under the laws of the State of California, with its principal place of business in the City of Oxnard, State of California.

7. Intervening-Plaintiffs are informed, believe and thereon allege that Defendant OASIS CORP. dba ONE OF A KIND PRODUCE ("One of a Kind Produce") is now and during all times mentioned herein was a corporation having its principal place of business located in the City of Las Vegas, State of Nevada.

8. Intervening-Plaintiffs are informed, believe and thereon allege that Defendant MICHELLE R. IOVINO ("Iovino") is an individual who resides in Las Vegas, Nevada and is now and during all times mentioned herein was an officer, director and/or shareholder of One of a Kind Produce.

9. Intervening-Plaintiffs are informed, believe and thereon allege that Defendant OASIS TRUCKING, LLC ("Oasis Trucking") is now and during all times mentioned herein was a limited liability company having its principal place of business located in the City of Las Vegas, State of Nevada.

10. One of a Kind Produce, Iovino and Oasis Trucking are referred to collectively herein as "Defendants."

11. Intervening-Plaintiffs are informed, believe and thereon allege that Iovino is and at all times material herein was an insider with actual and constructive knowledge of the PACA trust and the provisions set forth therein and who is and during all times relevant herein was responsible for the daily management and control of Defendant One of a Kind Produce and who is and during relevant times herein was a statutory trustee under PACA in a position to control the PACA trust assets that are the subject of this lawsuit.

///

///

///

///

///

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

**III.**

**FIRST CAUSE OF ACTION**

**(Breach of Contract Against Defendant One of a Kind Produce)**

12. Intervening-Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 11 inclusive, of this Complaint as though fully set forth herein.

13. At all times relevant herein, Defendant One of a Kind Produce was engaged in the handling of produce in interstate and/or foreign commerce as a commission merchant, dealer and/or broker, subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

14. Between on or about September 30, 2008 and April 30, 2010, in a series of transactions, Harvey's sold and shipped perishable agricultural commodities to Defendant One of a Kind Produce, at said Defendant's request, for which said Defendant agreed to pay Harvey's in amounts at least as great as the sum of $500,949.38.

15. Between on or about March 4, 2010 and April 25, 2010, in a series of transactions, Gills sold and shipped perishable agricultural commodities to Defendant One of a Kind Produce, at said Defendant's request, for which said Defendant agreed to pay Gills in amounts at least as great as the sum of $18,855.60.

16. Between on or about July 29, 2009 and September 24, 2009, in a series of transactions, River Ranch sold and shipped perishable agricultural commodities to Defendant One of a Kind Produce, at said Defendant's request, for which said Defendant agreed to pay River Ranch in amounts at least as great as the sum of $48,989.60.

17. Between on or about May 11, 2010 and June 17, 2010, in a series of transactions, Fresh Choice sold and shipped perishable agricultural commodities to Defendant One of a Kind Produce, at said Defendant's request, for which said Defendant agreed to pay Fresh Choice in amounts at least as great as the sum of $17,370.75.

18. At or about the date of each transaction described above, Intervening-Plaintiffs and each of them, forwarded to Defendant One of a Kind Produce invoices for said transactions

setting forth in detail the amounts owed by said Defendant for Defendant's purchase of the commodities described above.

19. Intervening-Plaintiffs have repeatedly demanded that Defendant One of a Kind Produce pay the amounts due and owing under the invoices, cumulatively totaling at least $586,165.33, however, said Defendant has failed and refused and continues to fail and refuse to pay Intervening-Plaintiffs for the produce purchased by said Defendant and no part of those sums due and owing has been paid.

20. Intervening-Plaintiffs have performed all conditions, covenants and obligations required to be performed by them under the agreements for sales of produce as set forth herein.

21. As a direct and proximate result of the failure of Defendant One of a Kind Produce to remit payments due to Intervening-Plaintiffs as described above, Intervening-Plaintiffs have suffered damages in the cumulative amount of $586,165.33 as separately set forth above, plus recoverable finance charges, attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

**IV.**

**SECOND CAUSE OF ACTION**

**(Enforcement of Statutory Trust Provisions of PACA Against Defendants One of a Kind Produce and Iovino)**

22. Intervening-Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 21, inclusive of this Complaint as though fully set forth herein.

23. Intervening-Plaintiffs at all times relevant herein were engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)]. Plaintiff Harvey's operated its business subject to PACA license number 20020938, Plaintiff Gills operated its business subject to PACA license number 20060662, Plaintiff River Ranch operated its business subject to PACA license number 20021337, and Plaintiff Fresh Choice operated its business subject to PACA license number 20070256.

24. The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

25. Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA, upon receipt of the produce sold by Intervening-Plaintiffs to Defendant One of a Kind Produce, Intervening-Plaintiffs became the beneficiary of a floating, non-segregated statutory trust on all of Defendant One of a Kind Produce's perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

26. Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-(4)], Intervening-Plaintiffs are informed and believe and thereon allege that Intervening-Plaintiffs have performed and fulfilled all duties required to preserve its trust benefits in the total amount of at least $586,165.33 sold to Defendant One of a Kind Produce, all of which remains past due and unpaid.

27. Intervening-Plaintiffs are informed and believe that Defendants One of a Kind Produce and Iovino are statutory trustees under PACA. The PACA trust requires Defendants One of a Kind Produce and Iovino, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Intervening-Plaintiffs until full payment has been made to Intervening-Plaintiffs.

28. Intervening-Plaintiffs are informed and believe and thereon allege that Defendants One of a Kind Produce and Iovino have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Intervening-Plaintiffs in that said Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

29. Intervening-Plaintiffs are informed and believe and upon that basis allege that during times relevant herein, Defendants One of a Kind Produce and Iovino transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Defendants' sale of produce to their own use and/or to an unknown third party or parties, in violation of their statutory duties under the PACA to preserve the trust

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

assets for the benefit of Intervening-Plaintiffs. [7 C.F.R. §46.46(c)]. The statutory trust created by the PACA unequivocally gives priority to the interest of Intervening-Plaintiffs on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

30. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants One of a Kind Produce and Iovino, Intervening-Plaintiffs have suffered damages in the cumulative amount of $586,165.33 as separately set forth above, plus recoverable finance charges, attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

**V.**

**THIRD CAUSE OF ACTION**

**(For Violation Of Perishable Agricultural Commodities Act: Failure To Account And Pay Promptly Against Defendants One of a Kind Produce and Iovino)**

31. Intervening-Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 30, inclusive, of this complaint as though fully set forth herein.

32. Intervening-Plaintiffs have repeatedly demanded that Defendants One of a Kind Produce and Iovino pay the amounts due stated above, for produce sold and delivered to Defendant One of a Kind Produce as described above. Despite these demands, said Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants One of a Kind Produce and Iovino have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

33. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants One of a Kind Produce and Iovino as alleged above, Intervening-Plaintiffs have suffered damages in the cumulative amount of $586,165.33 as separately set forth above, plus

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

recoverable finance charges, attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

## VI.

## FOURTH CAUSE OF ACTION

**(For Violation Of Perishable Agricultural Commodities Act: Failure To Maintain PACA Trust Assets and Creation of Common Fund Against Defendant One of a Kind Produce)**

34. Intervening-Plaintiffs hereby allege and incorporate by reference paragraphs 1 through 33, inclusive, of this Complaint as though fully set forth herein.

35. Defendant One of a Kind Produce received each of the shipments of perishable agricultural commodities described in paragraphs 14 – 17 above.

36. Intervening-Plaintiffs properly preserved their trust rights pursuant to 7 U.S.C. §499e(c)(4).

37. PACA requires Defendant One of a Kind Produce, as a PACA trustee, to hold the PACA Trust Assets in trust for the benefit of Intervening-Plaintiffs and all other unpaid suppliers of perishable agricultural commodities under all have been paid in full.

38. Defendant One of a Kind Produce failed to maintain sufficient PACA trust assets to fully satisfy all valid PACA trust claims, including the claims of Intervening-Plaintiffs.

39. As a result of One of a Kind Produce's failure to maintain and protect the PACA trust assets from dissipation, Intervening-Plaintiffs have suffered damages in the cumulative amount of $586,165.33 as separately set forth above, plus recoverable finance charges, attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

40. Intervening-Plaintiffs seek creation of a common fund from which all PACA trust beneficiaries may be paid by entry of an Order directing Defendant One of a Kind Produce to maintain PACA trust assets in the amount of $586,165.33, plus the claims of all other unpaid suppliers of perishable agricultural commodities that properly preserved their PACA trust claims, directing One of a Kind Produce to replenish the PACA trust to a level sufficient to satisfy all

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

qualified PACA trust claims, and enjoining One of a Kind Produce from dissipating PACA trust assets.

**VII.**

**FIFTH CAUSE OF ACTION**

**(Breach of Fiduciary Duty Against Defendant Iovino)**

41. Intervening-Plaintiffs hereby allege and incorporate by reference paragraphs 1 through 40, inclusive, of this Complaint as though fully set forth herein.

42. Intervening-Plaintiffs are informed, believe and thereon allege that at all times relevant to this action, Defendant Iovino was the controlling officer, director, shareholder and/or insider of Defendant One of a Kind Produce.

43. As the controlling officer, director, shareholder and/or insider of Defendant One of a Kind Produce, Defendant Iovino had a duty to ensure that Defendant One of a Kind Produce fulfilled its duties as a PACA trustee and maintained PACA trust assets in such a manner so as to ensure there were, at all times, sufficient trust assets available to satisfy all outstanding PACA trust obligations, such as that owed to Intervening-Plaintiffs as the obligation became due.

44. Intervening-Plaintiffs are informed, believe and thereon allege that Defendant Iovino had full knowledge and responsibility for the handling of Defendant One of a Kind Produce's duties as trustees of the PACA trust.

45. Intervening-Plaintiffs are informed, believe and thereon allege that Defendant Iovino controlled or had a duty to control Defendant One of a Kind Produce's operations and financial dealings, including those involving the PACA trust assets.

46. Intervening-Plaintiffs are informed, believe and thereon allege that Defendant One of a Kind Produce breached its fiduciary duty to maintain sufficient PACA trust assets to pay all PACA trust claims as they became due.

47. Intervening-Plaintiffs are informed, believe and thereon allege that Defendant Iovino breached her fiduciary duty to direct Defendant One of a Kind Produce to fulfill its duties as a PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiffs for the produce it supplied to Defendant One of a Kind Produce.

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

48. As a direct and proximate cause and result of the Defendant Iovino's breach of fiduciary duty, the Intervening-Plaintiffs have incurred damages in the cumulative amount of $586,165.33 as separately set forth above, plus recoverable finance charges, attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

49. As a statutory PACA trustee, Defendant Iovino is personally liable to Intervening-Plaintiffs for the breach of fiduciary duty in dissipating the PACA trust to the extent of $586,165.33, as separately set forth above, plus, recoverable finance charges interest, attorneys' fees and costs, less any monies Intervening-Plaintiffs receive from the PACA trust assets.

**VIII.**

**SIXTH CAUSE OF ACTION**

**(For Conversion and Unlawful Retention of PACA Trust Assets**

**Against Defendants One of a Kind Produce and Iovino)**

50. Intervening-Plaintiffs hereby allege and incorporate by reference paragraphs 1 through 49, inclusive, of this Complaint as though fully set forth herein.

51. At all times relevant herein, Intervening-Plaintiffs were and currently are, entitled to possession of the specific sums as alleged herein in the total cumulative amount of at least $586,165.33.

52. Intervening-Plaintiffs have repeatedly demanded the immediate turnover of the above-mentioned sums but Defendants One of a Kind Produce and Iovino have failed and refused and continue to fail and refuse to turn over such sums of money to Intervening-Plaintiffs. Intervening-Plaintiffs are informed and believe and thereon allege that said Defendants have diverted payments of accounts receivable, assets of the PACA trust and monies due and owing to Intervening-Plaintiffs to themselves and to other unknown third parties.

53. Intervening-Plaintiffs seek entry of an Order directing Defendants One of a Kind Produce and Iovino to disgorge any PACA Trust assets in their possession and/or control to Intervening-Plaintiffs to the extent of $586,165.33, as separately set forth above, plus, recoverable finance charges interest, attorneys' fees and costs, and punitive damages to be determined by the trier of fact, less any monies Intervening-Plaintiffs receive from the PACA trust assets.

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

IX.

SEVENTH CAUSE OF ACTION

(For Conversion and Constructive Trust Against Defendant Oasis Trucking)

54. Intervening-Plaintiffs hereby allege and incorporate by reference paragraphs 1 through 53, inclusive, of this Complaint as though fully set forth herein.

55. Intervening-Plaintiffs are informed and believe and thereon allege that Defendant One of a Kind Produce transferred PACA trust assets to Defendant Oasis Trucking, a limited liability company operating out of the same office location as One of a Kind Produce, for which Defendant Iovino serves as the Managing Member.

56. The PACA trust assets transferred from One of a Kind Produce to Oasis Trucking were used for the benefit of Oasis Trucking, and for the maintenance and improvement of its equipment and assets, resulting in all of the equipment and assets of Oasis Trucking being impressed with the PACA trust.

57. By receiving the PACA trust assets and using them for maintenance and improvement of its equipment and assets, Oasis Trucking benefitted itself, and as such, holds the equipment and assets in constructive trust as trustee for the benefit of Intervening-Plaintiffs and other qualified PACA trust beneficiaries.

58. Accordingly, Intervening-Plaintiffs seek entry of an order declaring that Oasis Trucking holds, in constructive trust as trustee for the benefit of Intervening-Plaintiffs, such amounts as were transferred from One of a Kind Produce for its benefit in connection with the maintenance and improvement of the equipment and assets of Oasis Trucking, according to proof, as well as an Order directing Oasis Trucking to disgorge and transfer any and all such amounts to Intervening-Plaintiffs, imposing a constructive trust on the equipment and assets of Oasis Trucking, or in the alternative, entering judgment against Oasis Trucking in the amount of $586,165.33.

///

///

///

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

## X.

## EIGHTH CAUSE OF ACTION

**(For Declaratory Relief Against All Defendants)**

59. Intervening-Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 58, inclusive, of this Complaint as though fully set forth herein.

60. An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that the Intervening-Plaintiffs contend the PACA trust requires the Defendants to preserve the trust assets for the benefit of Intervening-Plaintiffs until Intervening-Plaintiffs are fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

61. Intervening-Plaintiffs seek an Order of this Court declaring that their PACA trust claims are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which Intervening-Plaintiffs are beneficiaries. Intervening-Plaintiffs would show that any perfected security interest which a third party might have in Defendants' accounts receivable, inventory or proceeds is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Intervening-Plaintiffs.

62. Further, Intervening-Plaintiffs seek a declaratory judgment from this Court establishing (1) that the trust funds never became property of Defendants or the estate of Defendants under 11 U.S.C. §541; (2) that Intervening-Plaintiffs' trust claims under the PACA amendment is superior to and takes priority over Defendants' secured and unsecured claims, if any, to Defendants' accounts receivable, inventory and the proceeds thereof; and, (3) that only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of Defendants or the estate of Defendants, possibly subject to a third party's liens or claims, if such are established. 7 U.S.C. §499(b)(4) and 7 Code of Federal Regulations §46.33.

///

///

**XI.**

**NINTH CAUSE OF ACTION**

**(For Attorneys' Fees, Costs and Finance Charges and/or Interest on Unpaid Balance Owed Against Defendants One of a Kind Produce and Iovino)**

63. Intervening-Plaintiffs hereby allege and incorporate by reference paragraphs 1 through 62, inclusive, of this Complaint as though fully set forth herein.

64. Pursuant to PACA, 7 U.S.C. §499e(c) and the Code of Federal Regulations promulgated thereunder, Defendants One of a Kind Produce and Iovino were statutorily required to maintain a trust in such amount in favor of Intervening-Plaintiffs in order to make full payment to Intervening-Plaintiffs.

65. As a result of the failure of said Defendants to maintain the trust and to make full payment promptly, Intervening-Plaintiffs have been required to pay attorneys' fees and costs in order to bring this action to compel payment of the trust *res.*

66. As a further result of the failure of said Defendants to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Intervening-Plaintiffs have lost the use of said money.

67. Intervening-Plaintiffs will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Intervening-Plaintiffs must expend part of said payment on attorneys' fees, costs and loss of interest due to violations by Defendants of their statutory duties to maintain the trust and make full payment promptly.

68. The invoices of Intervening-Plaintiffs Gills, River Ranch and Fresh Choice all contained provisions for attorneys' fees on the face of each of the invoices submitted to Defendant One of a Kind Produce. The invoices of Intervening-Plaintiff Gills also contained a provisions for interest on unpaid balances at the rate of 1.5% per month (18% per annum) from the date payment was due until paid. Each of these provisions was a bargained for term of the contract and are sums owing in connection with the transaction. Accordingly, Intervening-Plaintiffs are entitled to and requests judgment against Defendants One of a Kind Produce and

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

Iovino, jointly and severally, for pre-judgment interest and/or finance charges and costs and attorneys' fees.

**WHEREFORE**, Intervening-Plaintiffs pray for judgment against Defendants as follows:

**FIRST CAUSE OF ACTION**

**(For Breach Of Contract)**

1. For damages in the cumulative amount of $586,165.33 as against Defendant One of a Kind Produce, in the separate amounts alleged herein;

2. For interest and/or finance charges thereon at the highest legal rate from the date the obligation became due and payable to Intervening-Plaintiffs;

3. For reasonable attorney's fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper.

**SECOND CAUSE OF ACTION**

**(For Enforcement of Statutory Trust Provisions of PACA)**

1. For an order requiring Defendants One of a Kind Produce and Iovino to immediately account for and pay all PACA trust assets to Intervening-Plaintiffs in the cumulative amount of $586,165.33, in the separate amounts alleged herein;

2. For interest and/or finance charges thereon at the highest rate allowed by law from the date the obligation became due and payable to Intervening-Plaintiffs;

3. For reasonable attorney's fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may just and proper.

**THIRD CAUSE OF ACTION**

**(For Violation Of Perishable Agricultural Commodities Act: Failure To Account And Pay Promptly)**

1. For damages in the cumulative amount of $586,165.33 as against Defendants One of a Kind Produce and Iovino, in the separate amounts alleged herein;

2. For an order requiring Defendants One of a Kind Produce and Iovino to immediately account for and pay all PACA trust assets to Intervening-Plaintiffs in the cumulative amount of $586,165.33, as separately alleged herein;

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

3. For interest and/or finance charges thereon at the highest rate allowed by law from the date the obligation became due and payable to Intervening-Plaintiffs; and,

4. For attorney's fees as deemed reasonable by this Court.

**FOURTH CAUSE OF ACTION**

**(For Violation Of Perishable Agricultural Commodities Act: Failure To Maintain PACA Trust Assets and Creation of Common Fund )**

1. For an Order directing One of a Kind Produce to immediately pay Intervening-Plaintiffs' in the cumulative amount of $586,165.33, in the separate amounts alleged herein;

2. For interest and/or finance charges thereon at the highest legal rate from the date each obligation became due and payable to Intervening-Plaintiffs;

3. For attorney's fees and costs of suit incurred; and,

4. For such other and further relief as this Court deems just and proper.

**FIFTH CAUSE OF ACTION**

**(Breach of Fiduciary Duty Against Defendant Iovino)**

1. For a judgment in the cumulative amount of $586,165.33 as against Defendant Iovino, in the separate amounts alleged herein;

2. For interest and/or finance charges thereon at the highest legal rate from the date each obligation became due and payable to Intervening-Plaintiffs;

3. For attorney's fees and costs of suit incurred; and,

4. For such other and further relief as this Court deems just and proper

**SIXTH CAUSE OF ACTION**

**(For Conversion and Unlawful Retention of PACA Trust Assets)**

1. For an Order directing Defendants One of a Kind Produce and Iovino to disgorge any PACA trust assets in their possession and/or control to Intervening-Plaintiffs in the cumulative amount of $586,165.33 as separately alleged herein;

2. For punitive damages in an amount to be determined by the trier of fact;

3. For interest and/or finance charges thereon at the highest legal rate from the dates on which each obligation first became due;

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

3. For attorney's fees and costs of suit incurred; and

4. For such other and further relief as the Court deems just and proper.

**SEVENTH CAUSE OF ACTION**

**(For Conversion and Constructive Trust)**

1. For an Order directing Defendant Oasis Trucking to disgorge any PACA trust assets in their possession and/or control to Intervening-Plaintiffs in the cumulative amount of $586,165.33 as separately alleged herein;

2. For an Order declaring that Oasis Trucking holds in constructive trust as trustee for benefit of Intervening-Plaintiffs such amounts as were transferred from One of a Kind Produce to Oasis trucking in connection with the maintenance or improvement of the equipments and assets of Oasis Trucking, according to Proof;

3. For interest and/or finance charges thereon at the highest legal rate from the dates on which each obligation first became due;

3. For attorney's fees and costs of suit incurred; and

4. For such other and further relief as the Court deems just and proper.

**EIGHTH CAUSE OF ACTION**

**(For Declaratory Relief)**

1. For a declaratory judgment establishing that:

(a) The PACA trust funds never became the property of Defendants or the estate of Defendants under 11 U.S.C. §541;

(b) The Intervening-Plaintiffs' trust claims under the PACA amendment are superior to and take priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds,

(c) Only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of the estate of Defendants possibly subject to the Defendants' liens or claims, if any are established;

2. For enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the cumulative sums of $156,813.52 in the separate

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198

amounts alleged herein;

3. For interest and/or finance charges thereon at the highest rate allowed by law from the date the obligation became due and payable to Intervening-Plaintiffs;

4. For attorneys' fees and costs of suit incurred; and,

5. For such other and further relief as this Court deems proper.

**NINTH CAUSE OF ACTION**

**(For Attorneys Fees, Costs, and Finance Charges)**

1. For finance charges thereon at the contractual rate of 18% per annum, or at the highest legal rate from the date the obligation became due and payable to Intervening-Plaintiffs until fully paid as separately alleged above, until all principal sums are fully paid;

2. For reasonable attorneys' fees and costs of suit incurred herein pursuant to the written contracts between the parties; and,

3. For such other and further relief as this Court deems proper.

Respectfully submitted,

BROOKS BAUER LLP

DATED: November 17, 2010

By: [signature]

Macaire K. Moran, Esq.
Nevada Bar No. 10688
300 S. 4th Street, Suite 815
Las Vegas, NV 89101

and

Elise O'Brien, Esq.
RYNN & JANOWSKY, LLP
California Bar No. 245967
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660

Attorneys For Intervening Plaintiffs

BROOKS BAUER, LLP
300 S. 4TH STREET, SUITE 815, LAS VEGAS, NV 89101
TELEPHONE: (702) 851-1191 FAX: (702) 851-1198